IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | * |
| LATOSHIA L. REEVES, | |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | *    Civil No. 25-2843-BAH |
| GUIDEHOUSE, LLP, ET AL., | |
| | * |
| Defendants. | |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

This memorandum opinion and order addresses the pending motions at ECF 11, ECF 12, ECF 13, ECF 22, and ECF 29.  Plaintiff Latoshia Reeves ("Plaintiff" or "Reeves") proceeding pro se, filed the above-captioned complaint against Defendants Guidehouse, LLP ("Guidehouse") and Scott McIntyre ("McIntyre") (together, "Defendants") alleging that Reeves was wrongfully terminated from her position at Guidehouse.  ECF 1, at 6.  After a summons was executed on Guidehouse, ECF 6, Defendants filed a motion to dismiss, ECF 7.  The Court mailed Reeves a Rule 12/56 notice, ECF 10, and Reeves timely responded to Defendants' motion, ECF 17.  Defendant then filed a reply.  ECF 21.

While Defendants' motion to dismiss was still pending, Reeves filed a "motion to shield case from public records," ECF 11, as well as three motions for default judgment, ECF 12; ECF 13; ECF 22.  Defendants filed an opposition to the motions for default judgment, ECF 23 (opposition); ECF 25 (proposed order), and Reeves filed a reply, ECF 26.  On March 4, 2026, Reeves filed a "motion to expedite consideration of pending motion for default judgment."  ECF 29.

As an initial matter, because the Court is now ruling on the pending motions for default judgment, the Court will deny the request at ECF 29 as moot.[1]  Additionally, the Court clarifies that this order does not address the pending motion to dismiss, ECF 7, which remains under consideration.  The Court now turns to Reeves' pending motions.

## I.    <u>**MOTION TO SHIELD (ECF 11)**</u>

The Court first addresses Reeves' motion at ECF 11 in which she requests that this Court "shield this case from public records . . . to protect [her] personal privacy and to prevent any potential adverse consequences that may arise from the public disclosure of sensitive information contained in this case."  ECF 11, at 1.

 "It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings."  *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (collecting cases).  "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny."  *Id.* (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).  As relevant here, "[t]he common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  *Id.* at 265–66 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Here, Reeves fails to rebut the presumptive right of access as she only generally asserts that sealing this case is required to "protect [her] personal privacy."  ECF 11, at 1.  "However, to justify sealing, 'it is not enough simply to assert this general principle [of privacy] without

---

[1] The Court notes that the pending motions were decided in due course, after thorough consideration of all relevant filings, and not as a result of Plaintiff's request.

providing specific underlying reasons for the district court to understand how [Reeves' interests] reasonably could be affected by the release of such information." *Rahman v. Wells Fargo Bank, N.A.*, No. 1:24CV333, 2025 WL 713850, at *5 (M.D.N.C. Mar. 5, 2025) (quoting *Wash. Post*, 386 F.3d at 579).

Further, Local Rule 105.11 governs the sealing of documents filed in the record and states, in relevant part, that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11 (D. Md. 2025). As noted, Reeves fails to provide any factual representations to justify the sealing. Further, Reeves fails to identify why "alternatives to sealing would not provide sufficient protection." *Id.* Accordingly, the motion to "shield" is **DENIED**.

## II.     MOTIONS FOR DEFAULT JUDGMENT (ECF 12, ECF 13, AND ECF 22)

Reeves' motions for default and default judgment, ECFs 12, 13, and 22, will also be denied. Placing a party in default involves a two-step process. First, there must be an entry of default by the Clerk pursuant to Rule 55(a), which allows entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Thereafter, a default judgment may be entered pursuant to Rule 55(b). Default judgment is highly disfavored and reserved for those cases where an unresponsive party has halted the adversarial process. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Circ. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Here, there has been no entry of default by the Clerk, rendering default judgment inappropriate. And as to any future request for entry of default, Defendants have filed a motion to dismiss, ECF 7, and thus have shown the required intent to defend against Reeves' claims within the meaning of Rule 55(a). *See Sewell v. Am. Educ. Servs./Pheaa*, Civ. No. DKC-15-3076, 2016 WL 3460095, at *2 n.5 (D. Md. June 24, 2016) ("Here, default judgment is inappropriate because Defendant timely filed a motion to dismiss and has otherwise defended this action. Accordingly, Plaintiff's motion for default judgment will be denied."), *aff'd*, 670 F. App'x 184 (4th Cir. 2016). The motions for default judgment, ECFs 12, 13, and 22, are therefore **DENIED**.

III.    **CONCLUSION**

Accordingly, for the reasons stated herein, it is this 6th day of March, 2026, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. Reeves' motion to shield, ECF 11, is DENIED;

2. Reeves' motions for default judgment, ECF 12, ECF 13, and ECF 22, are DENIED;

3. Reeves' motion to expedite, ECF 29, is DENIED as moot; and

4. The Clerk SHALL SEND a copy of this memorandum and order to the Plaintiff.

Dated: March 6, 2026

_____/s/_____
Brendan A. Hurson
United States District Judge

4